IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

*Plaintiff,*

v.                                                              Case No. 91-CR-10038-EFM

LORENZO MORALES,

*Defendant.*

**MEMORANDUM AND ORDER**

Before the Court is pro se Defendant Lorenzo Morales's second Motion for Correction of Record (Doc. 115) where he asks the Court to correct his 1994 sentencing judgment under Federal Rule of Criminal Procedure 36 to reflect what he asserts is his correct social security number ("SSN").[1] Morales seeks this change to use his judgment as a second form of identification to prove his U.S. Citizenship in a separate deportation proceeding. The Government opposes this motion.

Previously, the Court denied Morales's first motion to correct his judgment because his case was transferred to the Southern District of Illinois years ago.[2] Morales appealed, and the Tenth

---

[1] Because Morales proceeds pro se, the Court holds his pleadings to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A pro se litigant is entitled to a liberal construction of his pleadings. *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). But it is not the proper role of a district court to "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Doc. 108. Morales also moved the Southern District of Illinois court, in part, to correct the SSN in his judgment there, which the District Court recently denied for lack of supporting proof. *See United States v. Morales*, 2026 WL 1249482, at *1 (S.D. Ill. May 6, 2026) ("Additionally, Defendant lists a social security number that is different from his SSN currently on record and claims that supporting proof is attached, but no such exhibit has been provided.").

Circuit affirmed the Court's denial because "no evidence accompanied the motion to show the judgment had the incorrect social security number or to show the social security number provided in the motion [wa]s Morales's correct social security number."[3] Morales filed his second motion, which the Court denied stating that "nothing has changed" since his first motion. Morales appealed again, and the Tenth Circuit reversed and remanded the Court's denial for the Court to consider Morales's second motion on the merits.[4] Specifically, the Court now considers whether Morales's attached exhibit—a document titled "Case Profile" from the "Dodge City SRS Office" in Dodge City, Kansas—warrants a correction under Rule 36.

Rule 36 provides: "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."[5] "Rule 36 is narrow, applying only to uncontroversial and non-substantive clerical errors 'of the sort that a clerk . . . might commit, mechanical in nature.'"[6] In Morales's second appeal, the Tenth Circuit noted that "Rule 36 is an appropriate vehicle to correct a potential clerical error in the social security number identified on a judgment."[7] The Tenth Circuit, however, has not articulated what burden of proof must be met to establish a clerical error warranting relief under Rule 36, nor has it articulated its own standard

---

[3] *United States v. Morales* (*Morales I*), 2025 WL 3267335, at *2 (10th Cir. Nov. 24, 2025); Doc. 114.

[4] *United States v. Morales* (*Morales II*), 2026 WL 1020605, at *1 (10th Cir. Apr. 15, 2026); Doc. 124.

[5] Fed. R. Crim. P. 36.

[6] *United States v. Kieffer* (*Kieffer II*), 596 F. App'x 653, 660 (10th Cir. 2014) (quoting *United States v. Penson*, 526 F.3d 331, 335 (6th Cir. 2008)).

[7] *Morales II*, 2026 WL 1020605, at *1 (citing *United States v. Lonjose*, 663 F.3d 1292, 1299 n.7 (10th Cir. 2011)).

of review of a Rule 36 motion in a binding way.[8] Further, it is unclear what type of evidence is required to establish an individual's correct SSN for Rule 36 purposes.[9]

Turning to Morales's evidence, although the Court has carefully reviewed the attached exhibit, it is not clear on its face what the document is. Morales offers no explanation in his motion. The document appears to be an excerpt from a 1995 social services case report for a "Morales, Shirley." Amongst several individuals, the document lists a client name of "Morales Jr., Loren" as having a "SSN" matching the number that Morales purports is his legitimate SSN. The document further lists that "Morales Jr., Loren" has a "DOB" of May 16, 1961, which is the same as Morales's date of birth listed on his 1994 sentencing judgment.[10] These are the only commonalities the Court can glean between Morales, his motion, and his attached exhibit.

Morales's burden of proof is unclear, but a Rule 36 clerical error "should be so clear on the face of the record as to obviate the need for subsequent adversarial proceedings."[11] Morales's attached exhibit does not make it "so clear" to the Court that his legitimate SSN differs from what is listed in his 1994 sentencing judgment. In addition, the Government points out that it is unclear whether Morales has a legitimate SSN at all considering Morales's two federal convictions for

---

[8] *See United States v. Gardner*, 601 F. App'x 717, 719–20 (10th Cir. 2015) ("We have found no published Tenth Circuit decisions outlining the proper standard of review for such a claim. The most recent unpublished Tenth Circuit decision we have found . . . provides that the 'denial of a Rule 36 motion [is reviewed] for abuse of discretion'" (citing *United States v. Hayden*, 10 F. App'x 647, 650 (10th Cir. 2001))).

[9] The Court's research revealed a few written cases involving a motion for Rule 36 relief based on an erroneous SSN (two of which involve Morales), but those courts were not presented with any SSN evidence to consider and, thus, did not articulate what evidence could demonstrate a Rule 36 clerical error to a SSN. *See*, *e.g.*, *Morales I*, 2025 WL 3267335, at *2; *Morales*, 2026 WL 1249482, at *1; *United States v. Cobb*, 469 F. App'x 76, 77–78 (3d Cir. 2012) (affirming the district court's denial of a defendant's request to change his SSN in his judgment under Rule 36 because he "failed to provide any evidence to support his assertion that the number was incorrect").

[10] *See* Doc. 108 at 2.

[11] *United States v. Kieffer* (*Kieffer III*), 702 F. App'x 734, 737 (10th Cir. 2017) (citing *Kieffer II*, 596 F. App'x at 660; *Penson*, 526 F.3d at 335)).

unlawful reentry after deportation in other districts and an order of deportation against him.[12]

Given the controversy surrounding the legitimacy of Morales's SSN, if he has one, the Court

concludes he is not entitled to Rule 36 relief.

**IT IS THEREFORE ORDERED** that Morales's second Motion for Correction of Record

(Doc. 115) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 19th day of May, 2026.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[12] *See* Doc. 121 at 2 (citing *United States v. Morales*, 2024 WL 3845475, at *1 (S.D. Ill. Aug. 16, 2024); *United States v. Lorenzo Morales-Arambula*, Case No. 2:18-cr-20138-TGB-DRG (ECF No. 20)).